UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MATTHEW KLEIN,

    Plaintiff,

v.

LAKE COUNTY SHERIFF MARK C. CURRAN, et al.,

    Defendants.

No. 13 CV 5191

Judge Manish S. Shah

## ORDER

Defendants' motion to dismiss plaintiff's second amended complaint [34] is granted. The caption of the case shall be corrected to reflect the proper spelling of defendant Mark C. Curran's name. Terminate civil case.

## STATEMENT

Plaintiff Matthew Klein's second amended complaint alleges that his constitutional rights were violated when Lake County Deputy Sheriffs arrested him for disorderly conduct. Count I is labeled "42 U.S.C. § 1983: Violation of Due Process," and Count II is labeled "False Imprisonment." The events concern Klein's arrest and how he was treated during his detention. The rights at issue are fourth-amendment rights, not due-process rights, and I assess the complaint accordingly. *See Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012); *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011).[1]

Defendant Mark C. Curran is the Lake County Sheriff, sued in his official capacity. Defendants Thomas Sieber and John Benkovich are Deputy Sheriffs. The complaint does not distinguish their roles in any way, but in the briefs, the parties refer to them as the arresting officers. The complaint also refers to unknown officers, but they have not been identified or served in the case. The only relevant claims are those against Curran, Sieber, and Benkovich, and the second amended complaint [28-1] is the operative complaint.[2]

---

[1] Count II may be a state-law claim for false imprisonment, but if so, that is simply a state-law analog to a fourth-amendment false-arrest claim.

[2] An amended complaint supersedes the original complaint and renders it of no legal effect.

Defendants move to dismiss the complaint for failure to state a claim. For purposes of this motion, I accept the well-pleaded facts as true, and I may consider a document attached to the motion to dismiss if the complaint refers to the document and it is central to plaintiff's claim. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). I do not accept as true legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

*The Facts*

According to the second amended complaint, Klein approached Debra Vanderwall at the Lake County Courthouse law library. [28-1] ¶ 11. He asked Vanderwall for her business card and her name; she declined and walked away. *Id.* ¶ 12. Vanderwall complained to the Lake County Sheriff that Klein had asked for her business card and name. *Id.* ¶15. Klein alleges that he did not harass Vanderwall or engage in any unreasonable conduct. *Id.* ¶ 14. He was arrested and charged with disorderly conduct. *Id.* ¶ 17.

Defendants attach the written citation issued against Klein, signed by Vanderwall and Sieber, as an exhibit to their motion to dismiss. [34-1]. Plaintiff has not objected to the document, forfeiting any issue with it. The second amended complaint states that Vanderwall complained to the Sheriff, [28-1] ¶ 15, and that the Sheriff charged Klein, [28-1] ¶ 18; therefore, the complaint implicitly references the citation, and that document is central to plaintiff's claim (the information provided to the arresting officers is critical to assessing the constitutionality of Klein's detention). According to the citation, Vanderwall complained that Klein repeatedly insisted that she provide him with her contact information, followed her, and attempted to take a photograph of her. [34-1]. She complained that Klein caused her emotional distress. *Id.* The citation is consistent with, but more detailed than, Klein's second amended complaint, which does not limit Vanderwall's account to the simple grievance alleged at paragraph 15. For these reasons (it is referenced in and central to the complaint, plaintiff does not object, and it is consistent with the complaint), I will consider the document in deciding the Rule 12(b)(6) motion without converting the motion into one for summary judgment.

Klein told the arresting officers that he suffered from shoulder, elbow, and back pain, and that he required the use of a cane to walk. [28-1] ¶ 19. He asked to be handcuffed in front to avoid pain and to use his cane. *Id.* ¶ 20. The officers denied his

---

*Manning v. Ashland Oil Co.*, 721 F.2d 192, 197 (7th Cir. 1983).

request and handcuffed Klein behind his back. *Id.* ¶ 19, page 5.[3] Klein told the arresting officers that he required medication, *id.* ¶ 20, page 5, and unknown individuals refused Klein access to medication for his heart condition and diabetes while he was detained. *Id.* ¶ 21. Klein was feeling ill during his detention as a result of the failure to take his medication. *Id.* ¶ 22.

*The Claims Against Sieber and Benkovich*

Defendants move to dismiss the claims against Sieber and Benkovich on the grounds that they had probable cause to arrest Klein and that the complaint does not allege their personal involvement in his medical claim. The existence of probable cause is an absolute defense to a claim for unlawful arrest and false imprisonment. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). Ordinarily, such a defense would not be suitable for resolution under Rule 12(b)(6). But if an affirmative defense is apparent from the complaint and other documents properly considered at this stage, dismissal is appropriate. *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002).

If the officers had an eyewitness's statement that Klein did an act "in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace," they had probable cause to arrest him. *See* 720 ILCS 5/26-1; *see Askew v. City of Chicago*, 440 F.3d 894, 895–96 (7th Cir. 2006); *see also Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) (report from a single, credible victim can provide the basis for probable cause). The unreasonable harassment of a single person, even in a nonpublic location, amounts to a breach of the peace. *Maniscalco v. Simon*, 712 F.3d 1139, 1144 (7th Cir. 2013).

Vanderwall's report to the officers was sufficient to provide probable cause to arrest Klein. Plaintiff does not dispute that Vanderwall said that Klein alarmed and disturbed her. Even though Klein denies that he was, in fact, harassing Vanderwall, the officers were entitled to initiate the criminal process on Vanderwall's word and let the courts sort out the truth. *See Askew*, 440 F.3d at 895. Klein does allege that Vanderwall had no cause to complain and that there was no reason to believe that she had been harassed, but the complaint provides no basis to infer that Vanderwall should have been ignored by the officers. In other words, disputing the truthfulness of Vanderwall's report does not defeat probable cause. There is no suggestion that Vanderwall was not credible, and the allegation that Vanderwall's complaint did not support a determination that she was harassed or that plaintiff breached the peace is a legal conclusion that I need not accept. Indeed, "[w]hether the known facts add up

---

[3] The seconded amended complaint contains multiple paragraphs labeled 16 and greater. I refer to such paragraphs by their number and their page number.

3

to probable cause is a legal question for the judge, not a subject on which jurors are entitled to form their own opinions." *Bridewell v. Eberle*, 730 F.3d 672, 676 (7th Cir. 2013). The facts claimed by Vanderwall may not have been true, but at the time of the report, they gave Sieber and Benkovich probable cause to arrest Klein. The complaint does not state a claim for unlawful arrest or false imprisonment against Sieber and Benkovich.[4]

To state a claim based on an arrestee's medical needs, the plaintiff must allege facts sufficient to infer that the defendant acted unreasonably in light of the notice given to the defendant of the plaintiff's medical needs, the seriousness of those needs, the scope of the requested treatment, and the police interests at stake. *See Ortiz*, 656 F.3d at 530.

Klein alleges that he told the arresting officers—defendants Sieber and Benkovich, I assume—that he needed his cane and medication. The officers denied Klein the use of his cane, but the complaint does not allege that such denial was unreasonable. The complaint does not state that Klein suffered any discomfort from walking whatever distance Sieber and Benkovich made him walk without the cane, and the suffering of momentary pain and discomfort is insufficient as a matter of law to state a fourth-amendment claim. *See Cherry v. Washington County, Wis.*, 526 Fed. Appx. 683, 688 (7th Cir. 2013); *Tibbs v. City of Chicago*, 469 F.3d 661, 666 (7th Cir. 2006). With respect to Klein's medication, he does not allege that Sieber and Benkovich personally denied him access to medication. Liability under § 1983 requires personal involvement in the alleged constitutional deprivation. *Munson v. Gaetz*, 673 F.3d 630, 637 (7th Cir. 2012). The complaint alleges that Klein told various unknown officers that he was feeling ill, but it does not allege that Sieber and Benkovich had anything to do with that aspect of Klein's detention. The complaint does not state a claim against Sieber and Benkovich for the deprivation of medical care.

---

[4] The complaint says the defendants conspired with Vanderwall. [28-1] ¶ 18(f). A mere assertion of a conspiracy is an unsupported legal conclusion that need not be accepted as true, and as in *Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011), the complaint here "includes not a whiff of a conspiratorial agreement or any improper complicity between" Vanderwall (who has not been sued in the second amended complaint) and the defendants. In any event, the liability of the named defendants turns not on conspiracy (which is not an independent basis for § 1983 liability), but on the underlying constitutional violation.

*The Claim Against Sheriff Curran*

Klein sued Curran in his official capacity as Sheriff of Lake County, alleging a *Monell* theory of liability under § 1983. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978). Klein claims that the Lake County Sheriff maintained policies and practices to arrest without probable cause and to deny medical care. [28-1] ¶ 18, page 6. In addition, he claims that the Sheriff failed to adequately train, supervise, and control his deputies. *Id.* A *Monell* claim is often alleged in a conclusory fashion, but there must be factual content in the complaint describing the existence of a policy to violate constitutional rights—beyond a single isolated incident of wrongdoing by nonpolicymakers. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 & 618 (7th Cir. 2011); *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326 (7th Cir. 1993). Moreover, there can be no *Monell* liability without an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Because Klein has not alleged a constitutional violation as to his arrest and imprisonment by Sieber and Benkovich, he has not alleged a *Monell* claim against Curran. To the extent the underlying constitutional violation was the denial of medical care by unknown officers, the complaint does not allege facts sufficient to support an inference of the existence of a policy to deny needed medical care. In conclusory fashion, Klein alleges the existence of a policy and practice, [28-1] ¶ 18, page 6, but after *McCauley*, 671 F.3d at 618–19, more is required. Facts are necessary to allow a court to infer a plausible policy claim, and Klein alleges none. At most, he has alleged a single incident of wrongdoing by unknown individuals.

Defendants' motion to dismiss is granted. Since plaintiff has twice amended his complaint, further amendment will not be permitted. This dismissal is with prejudice and is a final order.

ENTER:

Date:   10/7/14

Manish S. Shah
United States District Judge